May it please the Court, first of all I'd like to apologize that Steven Yagman isn't here. He had to be in trial in New York so he wasn't able to argue so I'm at the last minute standing in for him. I know he wanted to argue before I believe it's Judge Farris who grew up in Port Jefferson because he also grew up in Port Jefferson, Mount Sinai. So he was looking forward to it unfortunately. That's fine. With respect to this issue, I really don't have anything to add other than what is set forth in the briefs. I believe that Federal Civil Procedure Rule 51A is permissive, that the local rule shouldn't contravene the Federal rules in the type of making it mandatory. And other than that, I don't think I have anything else to add to the papers. Well, I remember when I was a district court judge, Mr. Yagman raised this issue with me a couple of times. But my reading of the rule suggests that, 51, that the text of the rule does allow the district court to order the parties to submit pre-trial proposed jury instruction. Well, my reading of the rule is that it says may. It doesn't seem to be conjunctive. It seems to be the may, the permissive aspect seems to apply both to whether or not the court orders it before the close of evidence or at some other time. It's still permissive whether or not the party chooses to submit jury instructions at that time and that it seems to me that the sanction in this particular instance was somewhat harsh. You wanted to accomplish, may I interrupt, you did not want to submit any proposed charges at all or you wanted to do it at a certain time during the proceedings? During Mr. Yagman's practice, because generally speaking, what happens during a trial is that things change. He likes to submit jury instructions once the evidence is in and that's been his practice. And with respect to general rules, invariably the courts always have their own choose-from-the-Ninth-Circuit model rules. And they have their own rules. They generally also use their own jury instructions. This is only the rare instance they've ever used Mr. Yagman's instructions because they all come out of his book. And generally speaking, they're not used. So I think the other thing is that he felt that he was being bullied by the way that this was done. It wasn't – it was – Well, the district court judge was, in the end, turned out to be pretty reasonable, I thought, after reading the transcript of what happened. Well – But in any event, your – so your position is basically that this – that the party can just not give – decline to give any jury – even if the party is going to give – propose jury instructions, the party doesn't have to give them until the party – until all the evidence is in. It's permissive. In other words, if the party would choose to, they could. Okay. But if they can – and that's based upon the Federal Rules of Civil Procedure. The other aspect of this is that there – I myself have been – have actually had to prepare for trial before Judge Anderson, and his rules are particularly onerous and problematical and take up an enormous amount of time. And I remember doing so, and then after all that, it was just transferred to another judge who adhered to the local rules and the Federal Rules of Civil Procedure. So when you have local, local rules that start to become very different than local rules and the Federal Rules of Civil Procedure, you start to get an inconsistent type of situation where people are put to sometimes a great deal of trouble for no purpose, because ultimately, you know, the aim is, of course, to get a trial. And the other matter that I think I wanted to raise was that were the court – to prevail on this, that it would – we would request that the case be remanded to a different judge. And other than that, I don't think I have anything to add. You can save the balance for rebuttal. Exactly. Thank you. Okay. Thank you, Ms. Jackson. Ms. Havens. Good morning, Your Honors. Just a few quick things. I'd like to briefly respond. Plaintiff submitted a letter brief on September 29 of this year referencing the Molesky case. Just briefly to respond, in the letter, the reason this case was brought to the court's attention is, and I quote from Plaintiff Counsel's letter, there is no indication that the Thompson factors for dismissal were even considered. I think the record is very clear that the judge in this case very carefully and painstakingly went through each of the factors. So I think that that is a gross misrepresentation of what happened at the trial court. I'd also like to indicate that Rule 51 talks about or. Plaintiffs may or the court may direct at an earlier reasonable time. In this case, the court did direct at an earlier reasonable time. The trial court laid out the rules, why it wanted to have jury instructions in advance. I would point out that the Plaintiff Counsel's trial estimate was 16 points. What he wanted was proposed jury instructions. And that's the problem on our rebuttal. Ms. Jagman might want to answer it. Proposed jury instructions are just that. That doesn't prevent you from doing some others at the end of the trial, does it? I would absolutely agree, Your Honor. I think it does prevent things that could be anticipated. But things do happen in trial, and you have to modify the jury instructions. I don't think there was any indication at all that modifications would not be allowed, according to the evidence that was submitted. I think that because, for example, the trial estimate in this case was 16.23 hours, Plaintiff Counsel's, that's going to happen very, very quickly. You don't want the jury sitting around while people go through jury instruction after jury instruction. You want them resolved. I think it makes just perfect sense. I would also submit that Plaintiff Counsel in this case is a very seasoned trial attorney. He just got out of a trial with my office a week or so ago. He submits jury instructions on a fairly regular basis. It wouldn't have been onerous at all to submit a set of proposed rules. This may come as a surprise to you, but I have some trouble with your case, and let me tell you why. All right? I think that the rules perfectly do allow a trial judge, and I am a trial judge at this very moment, to have flexibility, to, you know, ask lawyers to assist the court if they want to submit any instructions on the law. We're not talking about prosecuting the case. We're talking about educating the court on the law and giving the lawyers an opportunity to do that, should they wish to do that. But I'm concerned about the dismissal of the case in its entirety as the ultimate sanction. Why don't we just simply say that if you don't submit the charges, then you will not have an opportunity to submit them later on, and that's the sanction? But to dismiss the case and to throw the plaintiff out of court is something which shoves me. Say about that. At the point where the dismissal was ordered, it wasn't about submit jury instructions or not. There had been repeated orders by the court. At that point, it was a response to contempt of court. Sotomayor Well, contempt is different. You can hold the lawyer in contempt of court, and the court has a lot of flexibility to deal with contempt situations. But here you're talking about the ultimate sanction of dismissal of a case. Why is it not appropriate to simply say that if the lawyer wants to submit a charge, you can do so, but you have to do it according to my timetable, not according to yours? But if you don't comply with that, then you will not have an opportunity to submit, you know, the law to me at a later time. Isn't that a sufficient sanction rather than outright dismissal? In this situation of jury instructions, I would disagree. I think they need to be decided. I don't think any counsel should file a case without knowing what the jury instructions are going to be to know whether or not they're going to be able to satisfy them. Let me ask you this follow-up question. What if the defendant, you know, disregarded the court's order and the defendant chose not to submit a jury charge? What would be the sanction that would be appropriate in that case? I can tell you what it would be. It would be dismissal. I would never. Dismissal of what? The defendant's case? Striking the answer and we would have a prove-up default judgment. I would never as a defendant disobey, outright disobey a court order. I'm not saying you would. And I'm not saying that the plaintiff gets, you know, high marks from me in terms of his behavior here. But I'm just curious about the sanctions here. If I refused on three separate occasions to submit proposed jury instructions and on top of that I'm a seasoned trial attorney, that would take two seconds to hit control print on my printer and I didn't do that? I understand all of that. But if the defendant chose not to do it, would the sanction be that the plaintiff gets judgment in its favor? I think the answer would have to be stricken. Yes, Your Honor. What would have to be stricken? The answer on behalf of the defendant. The answer would have to be stricken. Would be stricken and then it would be a matter of a prove-up judgment. If so, in that situation? If the situation were exactly reversed, I would never deign to disobey a court order. So I hope I'm never in that position. Why wouldn't it just be reasonable just not to allow the defense to submit any jury instructions? You just go ahead and instruct the jury. I think it's not a matter of failure to submit jury instructions. It's disobeying a court order. A court needs to be able to control its calendar, needs to be able to have these matters resolved. So it wasn't about a failure to submit jury instructions. It was disobeying a court order. But the sanction would be not to allow the lawyer to have an opportunity to submit his sense of the law to the court. What's wrong with that? We have cases all the time. I have a criminal trial right now. I didn't get jury instructions from anybody. It's not unusual for lawyers to say that, you know, I just don't submit any instructions. And if I were to adopt the rules, should I toss people out of court because of that? Two points. One is that we're not dealing with a situation where a plaintiff were saying we're not going to submit any jury instructions at all. There wasn't a representation that we waive any jury instructions. It was we're going to submit them, but we're going to do it according to our time schedule. And then the second point is I don't see that as serving the orderly functioning of the court. And if a court can't have certain things resolved in advance and have the input on a very I would submit the jury instructions are the most critical issue. If the plaintiff doesn't have or if a party doesn't have to submit jury instructions, they don't have to submit witness lists, evidence lists, et cetera. And I just don't see that as serving the judicial function. In this situation, the judge said to counsel, do or I'm going to do, and that's what he did. And on three occasions he said, do it or I'm going to. So he had three warnings that he's going to dismiss. And on the third time when he didn't do it, the court dismissed. This isn't the typical case.  That's what he had the option and he elected to say, all right, if you are so bad and you're going to dismiss, do it. And we're here, I would even submit that they have waived any issue of whether or not dismissal was appropriate under 41. The opening brief and the respondent's reply brief talks only about whether or not under Rule 51 a court has the right to order. Maybe going further than you want to go, because the sanction is absolute. The case is over. And you may not have to go as far as you suggest. If I don't have to go that far, Your Honor, but I would just, I think what we're here about, what I gleaned from the opening briefs, is that Rule 51 is at issue whether or not the court had the authority to issue an order requiring jury instructions pre-trial. The issue is whether this is the least, you know, compelling sanction and the least alternative, or is there something else that can be done? I think, I agree with you on the rule. I think the judges should have discretion. I certainly opt for that, but the least drastic alternative is what we're talking about here. Isn't that really the issue, and whether the dismissal of the case was the least drastic alternative? I don't believe that that issue is fairly raised by the opening brief or the reply brief. There's nothing in the, they don't even cite Rule 51, I mean, I'm sorry, 41 in the reply or the opening brief. They don't talk about the five factors. As a matter of fact, as I indicated earlier, September 29, they accused the judge of not looking at the five factors, but I think the trial court did. And I would submit that, no, there is no least drastic remedy, because that was offered and rejected and refused. No, it wasn't. I mean, couldn't the court have said that if you don't submit these jury charges, you're not going to be allowed to submit jury charges at all, period? And I would submit the trial court did one better, said I'll sanction you $750 for books for local schools. Dismiss the case. And the trial judge wasn't looking at dismissing the case. Pay $750 in sanctions, submit your jury instructions, and then go to trial on a 4-year-old case.  Or perhaps sanction the lawyer for his behavior, but just said I'm not going to allow you to submit any charges, and I'm going to sanction you $750. But it seems to me that what happened here is that the judge insisted at the pain of dismissing the case that jury charges be submitted. Do I have it right or factually, or am I missing something? I think you have it right factually. I don't agree that there was anything less drastic that could have been. Maybe I misread it. What I thought the record shows is this, the court says I'm going to sanction you $750 and let you proceed, or I'm going to dismiss this case with prejudice, and he was urged to dismiss it with prejudice, and not do the $750 sanction, wasn't he? The trial court's exact quote, I believe, was I have good news and bad news. The good news is I'm not going to dismiss this case. You pay $750 in sanctions, you submit your proposed jury instructions. He could have submitted one, but he just flagrantly ---- He's pushed this issue before. He has, Your Honor. He has. All right. Your time is up. Thank you. I appreciate your argument. I would actually follow Judge Block's argument. I think he's absolutely correct that that was the most drastic sanction, and that it wasn't appropriate in this particular instance. Was it a surprise to Brother Yagman? Well, I wouldn't know because I wasn't there. No, but was it a surprise to him when the court dismissed on this record? I think on this record that it wasn't appropriate for the judge to dismiss the case, and I can understand that the defendants would argue that it was appropriate because that's their ultimate goal. Well, Mr. Yagman asked the court, when the court disagreed with him with how Rule 51A worked, as was just reiterated or explained, offered him the options, well, you can pay the sanctions or I can dismiss the case. And Mr. Yagman said, well, no, you ought to dismiss the case, and then the judge said, well, without prejudice. And then Mr. Yagman said, no, dismiss the case with prejudice because I want to test. The court's authority under Rule 51A, and the only way I can really do that is if this case is dismissed with prejudice. And so here we are, and the whole focus of this whole appeal has been on 51A, and what does 51A amount to? But it's not just the sanction because the judge was still assisting. See, if Mr. Yagman had said, look, Your Honor, I don't have to submit my instructions now under Rule 51A. You can sanction me, and, you know, I'll submit them later or I'll just dismiss the case. You can just, you can just, you prepare the instructions. But that was obviously the ultimate option for the court, and you had to. Oh, go ahead, Judge, you prepare the instructions, and we'll do my best, I'll take my best shot with your instructions. My impression is not that he was just told that he could pay the 750 and things would continue, but that he had to pay the 750 and comply with the court's order, that it wasn't an alternative matter, and believing as he does. Well, like, you know, counsel said he could have submitted one or two basic instructions. Well, I think that would be beside the point. If someone believes that the Federal Rules of Civil Procedure 51A is permissive and then decides just to accommodate the judge, he's going against his principles. All right. Thank you, Your Honor. Thank you, Ms. Yankman.
judges: Farris, Paez, Block